IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYNA SEPULVEDA, individually and as guardian/custodian of NM and HM;<br><br>    Plaintiff,<br><br>    vs.<br><br>KATERI PAYER, individually and as a person acting in concert with others to enforce the April 6, 2026 pickup order; and DOES 1-5,<br><br>    Defendants. | **8:26CV128**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Rayna Sepulveda's Amended Complaint, Filing No. 12, filed in response to the Court's previous Memorandum and Order (the "Initial Review Order"), Filing No. 11. The Court now conducts an initial review of Sepulveda's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Also before the Court is Sepulveda's Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, Filing No. 14. For the reasons stated, the Motion is denied, and Sepulveda will be given leave to file a second amended complaint.

## I. SUMMARY OF AMENDED COMPLAINT

The factual allegations Sepulveda alleges in the Amended Complaint are similar to the allegations in the original Complaint, Filing No. 1. Sepulveda originally sued only Kateri Payer. Filing No. 1 at 1. The Amended Complaint adds, as defendants, the Omaha Tribal Court (the "Tribal Court") and the Omaha Tribe of Nebraska (the "Omaha Tribe").

Filing No. 12 at 1. Sepulveda also alleges that she is a member of the Omaha Tribe. Filing No. 12 at 1.

In the Amended Complaint, Sepulveda asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, because she expressly challenges the limits of tribal civil jurisdiction, specifically extraterritorial enforcement of Tribal Court orders in California. *See* Filing No. 12 at 1, 2. Unlike the original Complaint, Sepulveda does not seek habeas relief under 25 U.S.C. § 1303. Sepulveda reiterates in the Amended Complaint that she does not seek a custody determination or challenge the Omaha Tribal Court's authority to adjudicate matters within its own jurisdiction. Filing No. 12 at 2. Her challenge in the Amended Complaint is expressly limited to whether the Omaha Tribal Court has authority to enforce its orders outside its territorial jurisdiction. Filing No. 12 at 1, 2.

Specifically, Sepulveda asserts that the Omaha Tribal Court exceeded its authority when it authorized removal of NM and HM in California and authorized the use of California law enforcement to facilitate removal. Filing No. 12 at 2. Sepulveda's request in the original Complaint essentially sought to stop enforcement of the Tribal Court's custody order until she could determine whether meaningful appellate review existed. Filing No. 1 at 1, 4. In the Amended Complaint, she challenges only the Tribal Court's assertion of authority to enforce the custody order outside tribal territory and within the State of California. Filing No. 12 at 2. Sepulveda also suggests that, based on the language of the orders, the Tribal Court attempts to enforce its orders in California without California's judicial process. Filing No. 12 at 2.

Sepulveda seeks only declaratory and injunctive relief preventing enforcement of the Tribal Court's orders in California without process. Filing No. 12 at 3. She explains that she asking the Court to preserve the status quo until the jurisdictional questions can be resolved. Filing No. 12 at 3.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation

is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF COMPLAINT

### A.  Federal Question Jurisdiction

As noted in the Initial Review Order, "[f]ederal courts are courts of limited jurisdiction," and a federal court must therefore determine its jurisdiction as a threshold matter.  *Kessler v. Nat'l Enter., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  The burden of establishing jurisdiction rests with the party asserting it.  *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).  In the Amended Complaint, Sepulveda relies solely on § 1331 to establish the Court's jurisdiction.  Filing No. 12 at 1.  Under *Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 852 (1985), federal courts have jurisdiction under 28 U.S.C. § 1331 to determine whether a tribal court has exceeded the lawful limits of its jurisdiction.

To cure the jurisdictional issues described in the Initial Review Order, Sepulveda named the Tribal Court and the Omaha Tribe as defendants.  However, she also revealed that she, herself, is a member of the Omaha Tribe.  Filing No. 12 at 1.  This allegation complicates the jurisdiction question.  *See  Montana v. United States*, 450 U.S. 544, 564 (1981) (holding that tribes have inherent, non-territorial sovereignty over domestic disputes between members because such custody disputes "lie[ ] at the core of sovereignty—a tribe's inherent power to determine tribal membership, to regulate

4

domestic relations among members, and to prescribe rules of inheritance for members.")
(internal quotation marks omitted).  "In sum, while federal question jurisdiction may exist
to review a tribe's jurisdiction over non-members, it does not exist to review a tribe's civil
jurisdiction over its own citizens, second-guess tribal membership decisions, or intervene
in tribal child custody proceedings."  *Richman v. Native Vill. of Selawik*, No. 3:22-CV-
00280-JMK, 2023 WL 3764599, at *8 (D. Alaska June 1, 2023).  Because Sepulveda is
a member of the Omaha Tribe, the Court's jurisdiction under § 1331 is questionable at
best.

**B.  Claim That Tribal Court Exceeded Jurisdiction**

Even if the Court has federal question jurisdiction, the Amended Complaint fails to
state a claim because, even construed liberally, the Amended Complaint does not allege
the Tribal Court exceeded the limits of its jurisdiction.  Sepulveda's challenge is limited to
whether the Tribal Court can enforce its orders in another jurisdiction.  The Tribal Court
exceeded its jurisdiction, according to Sepulveda, when it "issued orders authorizing
removal in California, including authorization for use of California law enforcement."  Filing
No. 12 at 2.  She explicitly disclaims any challenge to the Tribal Court's authority to
adjudicate the guardianship proceeding.  Filing No. 12 at 2.

Framed this way, the Amended Complaint contains no suggestion that the Tribal
Court issued any order directed at California law enforcement or purported to compel any
California official to act.  Further, both federal and state law require recognition of tribal
custody orders.  Section 1911(d) of the Indian Child Welfare Act ("ICWA") specifically
provides that the United States and every state "shall give full faith and credit to . . . Indian
child custody proceedings to the same extent that such entities give full faith and credit

5

to the public acts, records, and judicial proceedings of any other entity."   25 U.S.C. § 1911(d).   California law also explicitly requires California courts to give full faith and credit to the acts of tribal courts.   Cal. Welf. & Inst. Code § 224.5.   Thus, even if the Tribal Court's orders "authorized" the assistance of California law enforcement, nothing in the allegations suggests the Tribal Court attempted to permit Payer to ignore California laws that require registration of a foreign judgment or review by California courts prior to enforcement.   *See, e.g.,* Cal. Fam. Code § 3404.   The Amended Complaint, on its face, thus fails to state a claim that the Tribal Court exceeded its jurisdiction.

## IV.  EMERGENCY MOTION FOR TRO AND PRELIMINARY INJUNCTION

Even if the Court considers Sepulveda's Motion for TRO and Preliminary Injunction, Filing No. 14, and the supporting evidence, Filing No. 15, the Motion must be denied.   The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), once again apply to Sepulveda's Motion.   In *Dataphase*, the Eighth Circuit Court of Appeals, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest.   *Id.* at 114.

While "a court must consider all of the factors to determine whether the balance weighs toward granting the injunctive relief," the likelihood of success on the merits is the most significant factor.   *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).   "To that end, the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied."   *Id.*   Additionally, failure to show irreparable

6

harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

For the reasons stated above, the Amended Complaint fails to state a claim and is therefore unlikely to succeed on the merits. The evidence Sepulveda submitted supports that conclusion. First, evidence reveals that the language of the actual Tribal Court orders contradicts Sepulveda's characterization of those orders, *i.e.*, that the Tribal Court authorized California law enforcement to enforce the order. The Tribal Court's February 10, 2026, order terminates guardianship and directs return of the children to their mother after a transitionary period, with the mother responsible for transporting the children. Filing No. 15 at 3. The March 24, 2026, order authorizes Payer to pick up the children and provides that she "may utilize the assistance of local law enforcement to facilitate the safe and peaceful removal of the minor children." Filing No. 15 at 11. The permissive language, "may utilize," is materially different from Sepulveda's allegation that the Tribal Court asserted authority in another sovereign state. The order did not direct California law enforcement to take any action or purport to bind any California official. Thus, the core premise of Sepulveda's Amended Complaint is not supported by the evidence.

Additionally, to the extent Sepulveda still argues that the Tribal Court does not provide a functioning appellate forum, the evidence does not support that assertion. The Tribal Court's order of March 31, 2026, explicitly informs Sepulveda that she may file an appeal pursuant to the provisions set forth in the Omaha Tribal Code. Filing No. 15 at 16. Sepulveda's own Notice of Appeal to the Tribal Court invokes the Northern Plains Intertribal Court of Appeals and cites specific procedural rules governing that court. Filing No. 15 at 5. Even if Sepulveda alleges that the Northern Plains Intertribal Court of

Appeals is no longer functioning, the record suggests only that this is Sepulveda's understanding based on the Tribal Court clerk's uncertainty. *See* Filing No. 15 at 7. There is no other evidence, at this stage, that the Tribal Court lacks an appellate forum or that the lack thereof would be actionable.

Finally, Sepulveda has not shown a threat of irreparable harm. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (internal quotation marks omitted). Thus, disruptions in a child's therapy or continuity of care may constitute irreparable harm if supported by concrete evidence of actual and imminent injury. *See N. D. v. State Dep't of Educ.*, 600 F.3d 1104, 1113 (9th Cir. 2010). However, speculative or hypothetical harm is insufficient to meet the threshold for irreparable harm in the context of a TRO or preliminary injunction. *Fort v. AFSCME*, 375 F. App'x 109, 111 (2d Cir. 2010).

No evidence in the record or allegation in the Amended Complaint shows evidence of actual and imminent injury. Sepulveda asserts, without support, that "removal would disrupt established care" and "the status quo cannot be restored once removal occurs." Filing No. 12 at 2. No other factual allegations support these legal conclusions. The lone item of evidence supporting her assertion is a statement, submitted as Exhibit 8 to her Motion. Filing No. 15 at 10. Exhibit 8 is an unverified assertion that the children's

therapist "advised that continued treatment would not be possible after relocation due to state licensure and insurance restrictions." Filing No. 15 at 10.  The statement concludes that "to continue with the completion of therapy they would need to remain in California." Filing No. 15 at 10.  Even if the Court gave weight to this bare assertion, it is not evidence of imminent harm.  It merely asserts that, due to relocation, the children could not continue with their current therapist.  The allegations and evidence fall short of any assertion of injury, let alone a non-speculative or non-hypothetical injury.

## VI.  CONCLUSION

In its present form, the Amended Complaint fails to state a claim.  Due to the dearth of factual allegations, the Court cannot determine whether it has subject matter jurisdiction under § 1331, particularly in light of Sepulveda's allegation that she is a member of the Omaha Tribe.  Additionally, Sepulveda's allegations fail to state a claim, and she has not shown that she is entitled to a TRO or preliminary injunction. Nevertheless, the Court recognizes that Sepulveda attempted to amend her complaint quickly in response to the Court's Initial Review Order and may not have had time to fully consider and articulate her claims.  Accordingly, if Sepulveda wishes to proceed on valid claims under § 1983 or any other federal law, she shall have 30 days from the date of this Memorandum and Order to file a second amended complaint that sufficiently states her federal claims against the appropriate defendants.  The amended complaint must specify the capacity in which the defendants are sued and must set forth all of Sepulveda's claims and any supporting factual allegations.

To be clear, if Sepulveda chooses to file a second amended complaint, she must restate the relevant allegations she wishes to pursue, and any new allegations.

Sepulveda should be mindful to explain the relief she is seeking and to state the constitutional and jurisdictional basis for her claim.  Sepulveda is warned that any second amended complaint she files will supersede, not supplement, her prior pleadings and supplements.  If Sepulveda fails to file a second amended complaint in accordance with this Memorandum and Order and the Initial Review Order, this action will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Sepulveda's claims pursuant to 28 U.S.C. § 1915(e) after she addresses the matters set forth in this Memorandum and Order and the Initial Review Order.

IT IS THEREFORE ORDERED:

1.      Sepulveda shall have 30 days to file a second amended complaint in accordance with this Memorandum and Order and the Initial Review Order.  Failure to file a second amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Sepulveda.  In her second amended complaint, Sepulveda must state the capacity (official, individual, or both) in which each Defendant is sued and set forth all of Sepulveda's claims (and any supporting factual allegations) against each Defendant.  Sepulveda should be mindful to explain in her second amended complaint what each Defendant did to her, when each Defendant did it, and how each Defendant's actions harmed her.  Sepulveda should again be mindful to explain the relief she is seeking and to state the constitutional and jurisdictional basis for her claims.

2.      In the event Sepulveda files a second amended complaint, she shall restate the allegations of the Complaint, Filing No. 1, and Amended Complaint, Filing No. 12, that she wishes to pursue, and any new allegations.  Failure to consolidate all claims into one

document may result in the abandonment of claims.  Sepulveda is warned that a second amended complaint will supersede, not supplement, her prior pleadings.

3.      The Court reserves the right to conduct further review of Sepulveda's claims pursuant to 28 U.S.C. § 1915(e) in the event she files a second amended complaint.

4.      The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 15, 2026** — second amended complaint due.

5.      Sepulveda's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Filing No. 14, is denied.

Dated this 15th day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11